UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

REV. NIGEL M. REID, Sr.          )
                                 )
v.                               )     NO. 2:05-CV-144
                                 )
C. BERKELY BELL, *et al.*        )

**MEMORANDUM and ORDER**

The Reverend Nigel M. Reid, Sr., a prisoner confined in the Hamblen County Jail, brings this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 against twenty-nine defendants. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since the plaintiff is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes

In his rambling complaint, the plaintiff alleges, as claim number five in Paragraph IV, that:

> "Sheriff Otto Purkey, Asst. Deputy Sheriff Ronald Inman, James Coffey, Bobby Smith, Brad Cample every time I would come to the jail. I would eather (sic) Harassed by Brad Cample. I had to file a Grievance for colution (collusion?) With an inmate agianst (sic) me. 5-5-05. As well as James Coffey, Bobby Smith because each of them pepper-sprayed me back on Feb. 23, '05 and 2 or 3 on Ronald Inman of 5-11-05 - 5-9-05 for civil right misconduct. Sheriff Ottot Purkey never once did anything to correct his staff nor give me a warrant to arrest my wife or her boyfriend for aggravated assault from 5-13-05. George Sizemoore verble (sic) threat of death." Compl. at 3, ¶ IV.

The Court infers that, in the part of this claim which concerns pepper-spray and collusion,[2] the plaintiff is contending that he

---

judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

[2] The "collusion" part of the plaintiff's claim hinges on his contentions that a deputy enlisted another inmate as a "paid Hitman" to kill the plaintiff. Doc. 8 at ¶ 4.1.

was subject to the excessive use of force and that his right to reasonably safe conditions was violated, as secured to him by the Eighth and Fourteenth Amendments to the United States Constitution. A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000)), and identifying each person later named as a defendant in the federal lawsuit. *See Thomas v. Woolum*, 337 F.3d 270, 735 (6th Cir. 2003).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of §

3

1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement, and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure and that he "did file a grievance form about the Jail," and (inferentially) that he did not pursue any appeals because he did not receive a handbook as to the proper procedure for filing appeals. He also maintains that he has not received a response to any of his grievances. He has appended copies of grievances which he characterizes as "example(s)" of what he filed.

The Court has reviewed the copies of the grievances and does not find that the plaintiff filed grievances against all the Hamblen County officials and deputy sheriffs associated with

4

his claims regarding his confinement whom he now seeks to sue. More specifically, he failed to indicate, in those grievances, that he was filing them on James Coffey, Bobby Smith or Brad (Mark) Camble,[3] though each is a defendant in this lawsuit.

The Sixth Circuit has held that a prisoner must "file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). *See also Walton v. Bouchard*, 2005 WL 1432490, *2-*3 (6th Cir. June 17, 2005). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Accordingly, because the plaintiff has the burden of

---

[3] The Court assumes that "Brad Campbel," discussed in claim 5, is "Mark Campbel," named in the caption of the complaint as a defendant. Even if this assumption is incorrect, it would not affect the Court's finding with respect to the plaintiff's failure to file grievances against defendants Coffey and Smith.

5

showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint, as well as the defendants associated with those claims, and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

All pending motions, including any motions to amend, are **DENIED** as **MOOT**.

A separate order will enter.

ENTER:

                                             s/Thomas Gray Hull
                                             THOMAS GRAY HULL
                                               SENIOR U. S. DISTRICT JUDGE